UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rory Waterman and Marniqua Tompkins,

                              Plaintiffs,

          -against-

Fourth Lenox Terrace Associates LLC,

                              Defendant.

25-CV-6151 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

     *Pro se* plaintiffs filed their complaint on July 23, 2025. Dkt. 1. They sue defendant under 42 U.S.C. § 1983, alleging that their constitutional rights were violated in relation to eviction proceedings. The case was assigned on July 29, 2025, and the filing fee was paid on August 1, 2025. Plaintiffs have filed two motions for a temporary restraining order and an order to show cause for a preliminary injunction. Dkts. 4, 11. The more recent motion states that an eviction notice was issued "effective August 14, 2025." Dkt. 11 at 3. The Court notes that while the complaint lists, in addition to defendant Fourth Lenox, two judges of the New York City Civil Court, one judge of the New York Supreme Court, and Fourth Lenox's legal counsel, Gutman Mintz Baker Sonnenfeldt LLP, the complaint and plaintiffs' motions are directed primarily toward Fourth Lenox. In addition, Fourth Lenox is the only party listed as a defendant in the case caption.

     "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018). "It is well established that the standard for an entry of a temporary restraining order is the same as for a preliminary injunction." *AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010).

     Plaintiffs cannot show a likelihood of success on the merits, or even serious questions on the merits. To make out a section 1983 claim, "the plaintiff must show that a defendant, acting under color of state law, deprived him of a federal constitutional or statutory right." *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013). "A private actor may be liable under [section] 1983 only if there is a sufficiently close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (cleaned up). Plaintiffs admit that Fourth Lenox is a "private, for-profit corporate entity," Dkt. 1 at 7, and courts in this Circuit have repeatedly rejected the notion that a private landlord or housing provider is a state actor for the purposes of section 1983. *See, e.g.*, *Hormeku v. DS 30 Morningside Master Tenant, LLC*, 2025 WL 1557944, at *2 (S.D.N.Y. May 28, 2025) ("Although there are limited circumstances in which

a nominally private actor can be deemed a state actor . . . providing housing is not one of those circumstances."). "[I]t is [also] well-established that private attorneys, despite their status as officers of the court, do not act under color of state law for purposes of [s]ection 1983." *Livingston v. Singer*, 2003 WL 22952739, at *2 (S.D.N.Y. Dec. 16, 2003). Nor have plaintiffs articulated any nexus between Fourth Lenox or its counsel and the state beyond ordinary interactions of private parties with the judicial system and generally applicable laws. Further, plaintiffs filed a nearly identical claim against Fourth Lenox and an attorney in 2023. That case was dismissed *sua sponte* as failing to state a section 1983 claim. *See Waterman v. Nolan*, 2023 WL 4134229 (S.D.N.Y. June 22, 2023). For substantially the same reasons stated in Judge Koeltl's opinion in *Waterman* and those stated above, plaintiffs are unlikely to succeed on their claims, so the extraordinary relief sought by plaintiffs is inappropriate.

As to the judicial defendants (who, again, plaintiffs do not list in the case caption), they are sued in their official capacity. Dkt. 1 at 6. "There are only two sets of circumstances in which judicial immunity does not" bar a section 1983 suit: "(1) when a judge takes an action that is outside the judge's judicial capacity, or (2) when a judge takes action, that, although judicial in nature, is in the absence of all jurisdiction." *Siomkos v. Beckerman*, 2025 WL 1489761, at *3 (S.D.N.Y. May 23, 2025). "[G]enerally . . . acts arising out of, or related to, individual cases before . . . judge[s] are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). Plaintiffs don't allege that the judicial defendants did anything to them unrelated to the judicial eviction proceedings, and their only allegation related to the second exception is the conclusory statement that there was "no basis for jurisdiction" over those proceedings. Dkt. 1 at 9. Again, they haven't shown a "likelihood of success on the merits" or even "serious questions on the merits," and so they haven't met their burden of demonstrating that preliminary relief is warranted.

The motions for emergency relief are denied. The Clerk of Court is respectfully directed to terminate the motions at Dkts. 4 and 11. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to terminate the motion at Dkt. 94.

SO ORDERED.

Dated: August 11, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge