UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rory Waterman and Marniqua Tompkins,<br><br>      Plaintiff,<br><br>-against-<br><br>Fourth Lenox Terrace Associates LLC; Hon. Eleanora Ofshtein; Hon. Lynn Kotler; Hon. Tracey Ferdinand; Shane Delaney; Kathleen Nolan; Solomon Choutcha; Sean Zvi,<br><br>      Defendants. | 25-cv-6151 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

*Pro se* plaintiffs filed a suit in federal court challenging eviction proceedings that happened in state court. Dkt. 1. They sued their landlord, its lawyers, and the judges involved with the proceedings. Dkt. 1, 17. Shortly afterward, they filed motions asking for emergency injunctive relief to stop their eviction. Dkts. 4, 11. The Court denied those motions. Dkt. 16. That was because the private parties didn't act under the color of state law under 42 U.S.C. § 1983 and because the judges were shielded by judicial immunity. *Id.* at 2. Plaintiffs then amended their complaint and filed motions for reconsideration and for an emergency hearing. Dkts. 17, 18, 19. But the amended complaint doesn't change the outcome, so the motions are denied.

Though the amended complaint is designed to sidestep the shield of judicial immunity, it runs into different obstacles. Unlike the original complaint, it names each judicial defendant. And it specifies that they're being sued in their official capacities for declaratory and prospective injunctive relief under *Ex Parte Young*. 209 U.S. 123 (1908); Dkt. 17 at 6. Contrary to plaintiffs' assertion, naming the judicial defendants doesn't change the analysis in the Court's previous order with respect to the landlord or its lawyers. Dkt. 16. It could make a difference to the judicial defendants; as plaintiffs point out, neither of these forms of relief are barred by judicial immunity. Dkt. 17 at 29; *Pulliam v. Allen*, 466 U.S. 522, 524, 539 (1984). But it ultimately doesn't change anything. While plaintiffs may dodge judicial immunity, they run headlong into sovereign immunity.

Start with plaintiffs' claims for declaratory relief. "The Eleventh Amendment bars federal courts from issuing retrospective declaratory relief against state officials for past violations of federal law." *Szymonik v. Connecticut*, 807 F. App'x 97, 101 (2d Cir. 2020); *see also New York State Ct. Clerks Ass'n v. Unified Ct. Sys.*, 25 F. Supp. 3d 459, 467 (S.D.N.Y. 2014). That's just what plaintiffs are asking for. The judges are state officials and plaintiffs' request for declaratory relief is rooted in their past conduct—in court proceedings that have already concluded. So the Eleventh Amendment bars them.

Next, injunctive relief is also precluded by sovereign immunity. The "narrow exception" to sovereign immunity provided by *Ex Parte Young* "does not normally permit federal courts to issue injunctions against state-court judges or clerks." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). That's because the exception works to "prevent[] state executive officials from enforcing state laws that are contrary to federal law" and judges "do not enforce state laws." *Id.*; *see also Capogrosso v. Gelbstein*, 2023 WL 7485363, at *2 (2d Cir. Nov. 13, 2023). Plaintiffs ask the Court for exactly that kind of relief. In their own words: "injunctive relief against the Judicial Defendants … to prevent further enforcement of constitutionally defective judgments." Dkt. 17 at 27. A collateral attack in a federal district court is not the proper venue for that kind of relief against a judge. Instead, "if state judges commit constitutional error, their decisions may be appealed, ultimately to the United States Supreme Court." *Civ. Rights Corps v. LaSalle*, 741 F. Supp. 3d 112, 145 (S.D.N.Y. 2024) (citing *Jackson*, 595 U.S. at 39).

The motions for reconsideration and for an emergency hearing are denied. The Clerk of Court is respectfully directed to terminate the motions at Dkts. 18 and 19. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 22, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge