UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rory Waterman and Marniqua Tompkins,

Plaintiffs,

-against-

Fourth Lenox Terrace Associates LLC et al.,

Defendants.

25-cv-6151 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

This is another in a series of suits that Rory Waterman and Marniqua Tompkins have brought to challenge their eviction proceeding that began in 2023. It names their previous landlord as well as a series of judges and lawyers from the past proceedings that didn't go their way. Before the Court is a motion to dismiss filed by Fourth Lenox Terrace Associates LLC, the landlord. The Court grants that motion to dismiss and also *sua sponte* dismisses the claims against all other defendants.

Earlier, the Court denied plaintiffs' request for a TRO. In doing so, it noted that Waterman and Tompkins brought their claims pursuant to Section 1983 but hadn't "articulated any nexus between Fourth Lenox or its counsel and the state beyond ordinary interactions of private parties with the judicial system and generally applicable laws." Dkt. 16 at 2. Fourth Lenox is a "private for-profit corporate entity," Dkt. 17 ¶ 9, and "courts in this Circuit have repeatedly rejected the notion that a private landlord or housing provider is a state actor for the purposes of section 1983." Dkt. 16 (citing *Hormeku v. DS 30 Morningside Master Tenant, LLC*, 2025 WL 1557944, at *2 (S.D.N.Y. May 28, 2025) ("Although there are limited circumstances in which a nominally private actor can be deemed a state actor … providing housing is not one of those circumstances.")). To that, the Court would now add only that "a private landlord's pursuit of a judgment … via state court litigation, that would cause its tenant's eviction does not make that private landlord a state actor for the purposes of Section 1983 liability." *Viverette v. Winograd*, 2025 WL 2577665, at *7 (S.D.N.Y. Sept. 5, 2025). And "[t]he Second Circuit has rejected the theory that state action exists in an eviction by a private landlord where the only connection between the state and the landlord is the landlord's use of state legal process available to all landlords." *Wiesner v. 321 W. 16th St. Assocs.*, 2000 WL 1191075, at *9 (S.D.N.Y. Aug. 22, 2000) (citing *McGuane v. Chenanco Court, Inc.*, 431 F.2d 1189, 1190 (2d Cir. 1970)).

Fourth Lenox's motion raises exactly this argument again, and the Court now confronts it for the *third time*. Dkts. 16, 37. On this go-around, Waterman relies on two Supreme Court decisions that are inapt: *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982), and *Brentwood Academy v. Tennessee Secondary Sch. Athletic Assoc.*, 531 U.S. 288 (2001). In *Lugar*, the Supreme Court held

that private use of a state function could be challenged under Section 1983 only "insofar as [the plaintiff] challenged the constitutionality of the … statute," explicitly noting it could *not* "insofar as [the plaintiff] alleged only misuse or abuse of the statute." *Id.* at 942. Waterman and Tompkins don't challenge the constitutionality of the statute that they were evicted under, but instead the "misuse or abuse" of that statute by the various courts. Dkt. 17 ¶¶ 14–17. And in *Brentwood*, the Supreme Court held that an interschool athletic association that 84% of public schools in the state were part of could be sued under § 1983 for its regulatory activity. 531 U.S. at 190–91. That has nothing to do at all with plaintiffs' claims. For that reason, Fourth Lenox's motion to dismiss is granted.

The next question is what to do about the remaining defendants: three state court judges and four lawyers involved in previous proceedings. The answer is that all claims are dismissed against them with prejudice. *See Moussa v. Obama*, 2026 WL 100313, at *1 (2d Cir. 2026) ("A district court has the inherent authority to sua sponte dismiss a complaint as frivolous even where, as here, the complaint is brought by a pro se litigant who has paid the filing fee."). For the lawyers, the same state action analysis applies to them as applies to Fourth Lenox, so all claims against them are dismissed. As to the judicial defendants, they're shielded by sovereign immunity, so all claims against them are dismissed. As the Court previously observed, plaintiffs' claims against the judicial defendants are barred by sovereign immunity:

> Start with plaintiffs' claims for declaratory relief. "The Eleventh Amendment bars federal courts from issuing retrospective declaratory relief against state officials for past violations of federal law." *Szymonik v. Connecticut*, 807 F. App'x 97, 101 (2d Cir. 2020*); see also New York State Ct. Clerks Ass'n v. Unified Ct. Sys.*, 25 F. Supp. 3d 459, 467 (S.D.N.Y. 2014). That's just what plaintiffs are asking for. The judges are state officials and plaintiffs' request for declaratory relief is rooted in their past conduct—in court proceedings that have already concluded. So the Eleventh Amendment bars them.

> Next, injunctive relief is also precluded by sovereign immunity. The "narrow exception" to sovereign immunity provided by *Ex Parte Young* "does not normally permit federal courts to issue injunctions against state-court judges or clerks." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). That's because the exception works to "prevent[] state executive officials from enforcing state laws that are contrary to federal law" and judges "do not enforce state laws." *Id.*; *see also Capogrosso v. Gelbstein*, 2023 WL 7485363, at *2 (2d Cir. Nov. 13, 2023). Plaintiffs ask the Court for exactly that kind of relief. In their own words: "injunctive relief against the Judicial Defendants … to prevent further enforcement of constitutionally defective judgments." Dkt. 17 at 27. A collateral attack in a federal district court is not the proper venue for that kind of relief against a judge. Instead, "if state judges commit constitutional error, their decisions may be appealed, ultimately to the United States Supreme Court." *Civ. Rights Corps v. LaSalle*, 741 F. Supp. 3d 112, 145 (S.D.N.Y. 2024) (citing *Jackson*, 595 U.S. at 39).

Dkt. 37 at 1–2.

The only remaining question is whether to impose Rule 11 sanctions on Waterman and Tompkins as Fourth Lenox urges the Court to. "When dealing with pro se litigants, against whom Rule 11 applies and sanctions are available, a court should proceed even more cautiously, for ordinarily, pro se parties are held to much more lenient standards than attorneys." *Smith v. Sch. of Visual Arts*, 2016 WL 3440553, at *3 (S.D.N.Y. June 9, 2016) (quoting *Treanor v. Treanor*, 2012 WL 1448848, at *3 (S.D.N.Y. Apr. 25, 2012). The Court declines to use its discretion to sanction Waterman or Tompkins, who have evinced little familiarity or proficiency with the legal system.

The Court GRANTS defendant Fourth Lenox Terrace Associates' motion to dismiss with prejudice because plaintiffs have already had the opportunity to amend their complaint, which could have also been dismissed on a number of other grounds, like res judicata. The Court also *sua sponte* dismisses the claims against all other defendants with prejudice. Plaintiffs have already had a chance to amend their complaint after the Court previewed its reasoning earlier—and then they had the opportunity to respond to the Court's reasoning in the subsequent briefing. At this point "[r]epleading would be futile because there is no indication that "a chance to reframe" would cure the complaint's substantive deficiencies." *Moussa*, 2026 100313, at *1.

The Court DENIES Fourth Lenox's motion for Rule 11 sanctions against plaintiffs.

The Clerk of Court is directed to terminate Dkt. 40 and to close this case.

SO ORDERED.

Dated: March 2, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge

3